IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02252-BNB

GERRY KELLY,

    Applicant,

v.

GEORGE DUNBAR, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant Gerry Kelly is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista, Colorado, Correctional Complex. He has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 attacking his May 11, 1998, State of Colorado conviction and sentence. On January 29, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Kelly to show cause within thirty days why the Application should not be denied as time-barred pursuant to 28 U.S.C. § 2244(d). Mr. Kelly submitted a Response on February 25, 2008.

The Court must construe liberally the Application and the Response because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act

as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Kelly states that he was convicted on May 11, 1998, in the Arapahoe County District Court and was sentenced to two consecutive sentences of forty-eight years and twenty-four years. He further states that trial counsel failed to file a direct appeal.

As Magistrate Judge Boland found in the January 29, 2008, Order it appears that the Application is time-barred. A one-year limitation period applies to this action under 28 U.S.C. § 2244(d). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

2

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Magistrate Judge Boland further determined, for the purpose of the one-year limitation period, that Applicant's conviction and sentence became final on June 25, 1998, when the time for filing a direct appeal expired. *See* Colo. App. R. 4(b); Colo. App. R. 26(a). In the Application, Mr. Kelly does not allege that there are any constitutional rights newly recognized by the Supreme Court that apply to his case, or that he did not know or could not have discovered the factual predicate for his claims challenging the validity of his conviction and sentence at the time of his conviction and direct appeal. He also does not assert that there were any impediments to filing an application which were created by state action.

Mr. Kelly does assert, however, that he filed a Colo. R. Crim. P. 35(a) postconviction motion on December 7, 2005, which was denied on appeal on January 3, 2007. He further asserts in the Response that he filed a Colo. R. Crim. P. 35(c) on November 28, 2005, which was denied by the trial court on January 25, 2006, but that he filed an appeal in the Rule 35(c) motion on March 30, 2006, then filed a motion to dismiss the appeal because the issues already had been litigated on direct appeal. Mr. Kelly further contends that the Colorado Court of Appeals subsequently dismissed the Rule 35(c) postconviction motion on October 25, 2007. Applicant further asserts in the Response that he filed a Rule 35(c) postconviction motion on March 17, 2006. Nonetheless, none of the postconviction motions that Mr. Kelly refers to in either the

3

Application or the Response were filed prior to November 28, 2005, which is more than seven years after Mr. Kelly's conviction and sentence became final.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998). However, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See id.*

Although Applicant does not specifically allege a basis for equitable tolling in his Response, he may be attempting to assert equitable tolling in that he claims his trial counsel was ineffective in not filing a direct appeal, and he was not able to timely exhaust his state remedies. Nonetheless, Applicant is not diligent in pursuing his claims when he waited seven years after his conviction and sentence was final to file his first postconviction motion and to attempt to file a late direct appeal.

Furthermore, even if Mr. Kelly were to assert that equitable tolling should apply because he is not trained in the law, the Tenth Circuit has found that it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Therefore, the Application, in keeping with *Kilgore v. Estep*, ___ F.3d ___, 2008 WL 638727, at *5 (10th Cir. Mar. 11, 2008), is clearly untimely on its face and is barred by the one-year

limitation period. *See Rubio-Diaz v. Milyard*, No. 07-1355, 2008 WL 695894 (10th Cir. Mar. 14, 2008) (Unpublished). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02252-BNB

Gerry Kelly
Prisoner No. 59265
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk